UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE MARY FERRELL FOUNDATION, INC., a 501 (c) (3) Massachusetts Registered Corporation; JOSIAH THOMPSON; and GARY AGUILAR, Plaintiffs<br><br>v.<br><br>JOSEPH R. BIDEN, in his official capacity as the Executive Office of the President of the United States, and the NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, Defendants | Case No. 3:22-cv-06176<br>The Hon. Judge Richard Seeborg, presiding<br><br>**Request to Reconsider to Order Denying Leave to File Amicus Brief**<br><br>by (Lyn) Denise Hazelwood<br>524 Oxford St.<br>Vineland, NJ 08360<br><br>Denise.hazelwood@comcast.net<br>www.a-benign-conspiracy.com<br><br>January 30, 2023 |

William M. Simpich #106672 Attorney at Law
528 Grand Avenue
Oakland, CA 94610 Telephone:
(415) 542-6809 bsimpich@gmail.com
Attorney for Plaintiffs

Lawrence P. Schnapf*
Schnapf LLC
55 E.87th Street #8N
New York, New York 10128
Telephone: (212) 876-3189 Larry@schnapflaw.com
*Pro hac vice application forthcoming

Dear Judge Seeborg and others,

I apologize for not being sufficiently clear in my reasons for wishing to file an *Amicus* Brief. As your response states, one of the reasons for filing such a brief is "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." As a result of my research, I *do* have such information and perspective not available to the lawyers. This information and perspective does *not* show up in any legal libraries which the lawyers have ready access to, but is nonetheless germane to the case before this court, and should be considered rather than ignored.

In summary, this information and perspective relates to the following:

1) The decision of the Supreme Court ruling of U.S. v. Reynolds (1953) was based on <u>lies</u> told to the Court by U.S. representatives, thus making the use of that decision as precedence for all matters related to "State Secrets privilege" and national security "Fruit of the Poisonous Tree." The U.S. attorneys involved *should* have been disbarred for their misrepresentations to the court. As was uncovered decades later, the reasons for withholding information related to the B-29 plane crash to the widows of Reynolds, Palya, and the others, had nothing to do with any "top secret mission," but to Air Force maintenance negligence. That fact does not appear in any legal libraries, nor is common knowledge. However, it is readily findable by online searches (Google "Judy Palya Loether"). The case, based on fraudulent claims, is perhaps the most commonly cited precedent in judicial cases involving "national security," as is the current case before this court.

2) I have unique knowledge pertaining to the active cover-up surrounding the JFK assassination. All the attorneys involved are painfully aware of the documents still being withheld. However, they might <u>not</u> be aware that government entities actively destroyed, altered, and fabricated evidence presented to the American public. I can describe some of those alterations as noted by expert reviewers/analysts, as well as my own observations of how certain pieces of evidence were altered. Documents were even uncovered showing that 1963 CIA Director John McCone admitted to participating in a "benign cover-up," although the details of that cover-up and reasons behind it were not specifically given. (My own research fills in those blanks.) I doubt the attorneys of the case are fully aware of the lengths to which the U.S. government agencies have gone to cover up aspects of the assassination.

3) I also have a unique perspective in the motive behind the "benign cover-up." My "Benign Conspiracy" perspective is not well known, not even much recognized among JFK assassination researchers, but does provide the most plausible evidence-based motive behind the government's refusal to release the multitude of remaining documents. Those motives do not include protection of actual sources or their families, but the cover-up of facts embarrassing to the Secret Service in its less-than-

stellar response to the shots being fired at President Kennedy, as well as the Secret Service's use of a defective weapon (an early model AR-15 prone to slam-fire unintended discharge). The motives also include the embarrassment of having to acknowledge the active measures taken to lie to the American public about what really happened.

The issue before this court is *not* whether the names of sources (most of whom are now deceased) or whether 1960's era intelligence-gathering methods should be withheld. The *real* issue before this court is whether "State Secrets" privilege—a doctrine established on a fraudulent precedent—can continue to be mis-used to deceive the American public and cover-up embarrassing facts rather than protect sensitive sources and methods of intelligence-gathering. The lies presented to the American public have led to deep rifts and divisions among our citizenry, and have damaged honest citizens concerned with the integrity of our nation. Many researchers have noted the lies and concluded that there was a "Deep State *coup d'état*" or "regime-change operation." However, my own research shows that the lies were a stupid attempt to hide the Secret Service's FUBAR response to the assassin's shots, which included a "friendly fire" incident. If that is not a "unique perspective," then I don't know what would be.

Witnesses who give testimony are required to take an oath to tell "the truth, the whole truth, and nothing but the truth." It's too bad that lawyers don't have to take the same oath. If they had been required to do so, the U.S. lawyers in the Reynolds case would have been guilty of perjury. It is also too bad that the false premise behind the Reynolds case subsequently has set the precedent for all judicial decisions involving "national security," thus allowing the State Secrets privilege to be used as an "immunity doctrine" on par with authoritarian dictatorships, and preventing cases from being properly adjudicated. If this court is concerned with making decisions based on truth rather than falsehoods, I urge the court to accept my motion (however inelegantly stated) for leave to file an amicus brief.

Sincerely,

*[signature]*

Lyn Denise Hazelwood

CC:
William M. Simpich
Lawrence P. Schnapf



Hazelwood
524 Oxford St.
Vineland, NJ 08360

United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA. 94102

Case No. Case No. 3:22-cv-06176
The Hon. Judge Richard Seeborg, presiding

RECEIVED
FEB 07 2023
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

U.S. POSTAGE PAID
FCM LETTER
VINELAND, NJ
08360
JAN 30, 23
AMOUNT
$4.78
R2305H129381-99

94102
RDC 99

CERTIFIED MAIL
7022 0410 0000 7564 0297

