BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
M. ANDREW ZEE (CA Bar No. 272510)
JOHN ROBINSON (DC Bar No. 1044072)
Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
450 Golden Gate Avenue, Room 7-5395
San Francisco, CA 94102
Telephone: (415) 436-6646
E-mail: m.andrew.zee@usdoj.gov

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE MARY FERRELL FOUNDATION, INC.; JOSIAH THOMPSON; and GARY AGUILAR,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL ARCHIVES AND RECORDS ADMINISTRATION,<br><br>Defendant. | No. 3:22-cv-06176-RS<br><br>**DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLANT** |

Defendant, the National Archives and Records Administration, hereby answers Plaintiffs' Third Amended Complaint [ECF No. 77]. Responding to each paragraph of the Complaint paragraph by paragraph, using the same paragraph numbering as Plaintiffs use in their Complaint, Defendant states:

1. This paragraph contains Plaintiffs' characterization of this lawsuit, to which no response is required. To the extent a response is deemed required, the allegations are denied.

2. This paragraph contains Plaintiffs' characterization of this lawsuit, to which no response is required. To the extent a response is deemed required, the allegations are denied.

3. NARA respectfully refers the Court to the President's October 2021 Memorandum for a full and accurate statement of its contents, and otherwise denies the allegations of this paragraph.

4. Denied.

5. Denied.

6. Denied.

7. NARA lacks sufficient knowledge or information to form a belief about the truth of this allegation, and otherwise denies the allegations of this paragraph.

8. NARA respectfully refers the Court to the JFK Act and the reports of the Warren Commission, the Rockefeller Commission, the Church Commission, and the House Select Committee on Assassinations for a full and accurate statement of their contents, and otherwise denies the allegations of this paragraph.

9. Denied.

10. NARA lacks sufficient knowledge or information to form a belief about the truth of this allegation, and otherwise denies the allegations of this paragraph.

11. This paragraph contains Plaintiffs' characterization of their requested relief, to which no response is required. To the extent a response is deemed required, the allegations are denied.

12. This paragraph contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

13. This paragraph contains a legal conclusion to which no response is required. To the extent a response is deemed required, the allegation is denied.

14. This paragraph contains a legal conclusion to which no response is required. NARA lacks sufficient knowledge or information to form a belief about the truth of the allegations concern's Plaintiffs' residence. To the extent a response is deemed required, the allegation is denied.

15. NARA lacks sufficient knowledge or information to form a belief about the truth of this allegation.

16. NARA lacks sufficient knowledge or information to form a belief about the truth of this allegation, and otherwise denies the allegations of this paragraph.

17. NARA lacks sufficient knowledge or information to form a belief about the truth of this allegation.

18. NARA lacks sufficient knowledge or information to form a belief about the truth of this allegation.

19. Defendant Biden has been dismissed from this action, and no response is therefore required.

20. NARA admits that it is an agency of the federal government, and respectfully refers the Cour to the JFK Records Act and the Memoranda issued by President Biden pursuant to that Act for a full and accurate statement of their contents.

21. This paragraph contains Plaintiffs' characterization of the JFK Act. NARA respectfully refers the Court to the JFK Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

22. This paragraph contains Plaintiffs' characterization of the JFK Act. NARA respectfully refers the Court to the JFK Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

23. This paragraph contains Plaintiffs' characterization of the JFK Act. NARA respectfully refers the Court to the JFK Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

24. This paragraph contains Plaintiffs' characterization of the JFK Act. NARA respectfully refers the Court to the JFK Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

25. This paragraph contains Plaintiffs' characterization of the JFK Act. NARA respectfully refers the Court to the JFK Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

26. This paragraph contains Plaintiffs' characterization of the JFK Act. NARA respectfully refers the Court to the JFK Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

27. This paragraph contains Plaintiffs' characterization of the JFK Act. NARA respectfully refers the Court to the JFK Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

28. This paragraph contains Plaintiffs' characterization of the JFK Act. NARA respectfully refers the Court to the JFK Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

29. This paragraph contains Plaintiffs' characterization of the JFK Act. NARA respectfully refers the Court to the JFK Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

30. This paragraph contains Plaintiffs' characterization of the JFK Act. NARA respectfully refers the Court to the JFK Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

31. This paragraph contains Plaintiffs' characterization of the JFK Act. NARA respectfully refers the Court to the JFK Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

32. This paragraph contains Plaintiffs' characterization of the JFK Act. NARA respectfully refers the Court to the JFK Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

33. This paragraph contains Plaintiffs' characterization of the JFK Act. NARA respectfully refers the Court to the JFK Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

34. This paragraph contains Plaintiffs' characterization of the JFK Act and the ARRB Final Report. NARA respectfully refers the Court to the JFK Act and the ARRB Final Report for a full and accurate statement of their contents, and otherwise denies Plaintiffs' characterization.

35. This paragraph contains Plaintiffs' characterization of the JFK Act and the ARRB Final Report. NARA respectfully refers the Court to the JFK Act and the ARRB Final Report for a full and accurate statement of their contents, and otherwise denies Plaintiffs' characterization.

36. This paragraph contains Plaintiffs' characterization of the JFK Act and the ARRB Final Report. NARA respectfully refers the Court to the JFK Act and the ARRB Final Report for a full and accurate statement of their contents, and otherwise denies Plaintiffs' characterization.

37. This paragraph contains Plaintiffs' characterization of the JFK Act. NARA respectfully refers the Court to the JFK Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

38. This paragraph contains Plaintiffs' characterization of the JFK Act. NARA respectfully refers the Court to the JFK Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

39. This paragraph contains Plaintiffs' characterization of the JFK Act. NARA respectfully refers the Court to the JFK Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

40. This paragraph contains Plaintiffs' characterization of the JFK Act. NARA respectfully refers the Court to the JFK Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

41. This paragraph contains Plaintiffs' characterization of the JFK Act. NARA respectfully refers the Court to the JFK Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

42. This paragraph contains Plaintiffs' characterization of the JFK Act. NARA respectfully refers the Court to the JFK Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

43. This paragraph contains Plaintiffs' characterization of the ARRB Final Report. NARA respectfully refers the Court to the ARRB Final Report for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

44. This paragraph contains Plaintiffs' characterization of the ARRB Final Report. NARA respectfully refers the Court to the ARRB Final Report for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

45. This paragraph contains Plaintiffs' characterization of the ARRB Final Report. NARA respectfully refers the Court to the ARRB Final Report for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

46. This paragraph contains Plaintiffs' characterization of the ARRB Final Report. NARA respectfully refers the Court to the ARRB Final Report for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

47. This paragraph contains Plaintiffs' characterization of the President's October 2017 Memorandum and April 2018 Memorandum issued under the JFK Act. NARA respectfully refers the Court to the President's October 2017 Memorandum and April 2018 Memorandum issued under the JFK Act for a full and accurate statement of their contents, and otherwise denies the allegations of this paragraph, except NARA admits that it complied with the President's October 2017 Memorandum and April 2018 Memorandum issued under the JFK Act.

48. This paragraph contains Plaintiffs' characterization of the President's October 2021 Memorandum and December 2022 Memorandum issued under the JFK Act. NARA respectfully refers the Court to the President's October 2021 Memorandum and December 2022 Memorandum issued under the JFK Act for a full and accurate statement of their contents, and otherwise denies the allegations of this paragraph, except NARA admits that it complied with the President's October 2021 Memorandum and December 2022 Memorandum issued under the JFK Act.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. This paragraph contains Plaintiffs' characterization of the JFK Act. NARA respectfully refers the Court to the JFK Act for a full and accurate statement of its contents.

57. Denied.

58. Denied.

59. Denied.

60. Denied. To the extent this paragraph contains Plaintiffs' characterization of the ARRB Final Report, NARA respectfully refers the Court to the ARRB Final Report for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

61. Denied. To the extent this paragraph contains Plaintiffs' characterization of the JFK Act, NARA respectfully refers the Court to the JFK Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

62. This paragraph contains Plaintiffs' characterization of the Federal Records Act. NARA respectfully refers the Court to the Federal Records Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

63. This paragraph contains Plaintiffs' characterization of the Federal Records Act. NARA respectfully refers the Court to the Federal Records Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

64. This paragraph contains Plaintiffs' characterization of the Federal Records Act. NARA respectfully refers the Court to the Federal Records Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

65. This paragraph contains Plaintiffs' characterization of the Federal Records Act. NARA respectfully refers the Court to the Federal Records Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

66. This paragraph contains Plaintiffs' characterization of the Federal Records Act. NARA respectfully refers the Court to the Federal Records Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

67. Admitted. To the extent this paragraph contains Plaintiffs' characterization of a 2017 guidance document, NARA respectfully refers the Court to that 2017 guidance document for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

68. This paragraph contains Plaintiffs' characterization of a 2017 guidance document. NARA respectfully refers the Court to that 2017 guidance document for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

69. Denied. To the extent this paragraph contains Plaintiffs' characterization of a 2017 guidance document, NARA respectfully refers the Court to that 2017 guidance document for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

70. This paragraph contains Plaintiffs' characterization of a 2017 Archivist Memorandum. NARA respectfully refers the Court to the 2017 Archivist Memorandum for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization and the remaining allegations of this paragraph.

71. Denied.

72. Denied.

73. Denied.

74. This paragraph contains Plaintiffs' characterization of the President's October 2017 Memorandum. NARA respectfully refers the Court to the President's October 2017 Memorandum issued under the JFK Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

75. This paragraph contains Plaintiffs' characterization of a 2018 NARA letter to federal agencies. NARA respectfully refers the Court to the 2018 NARA letter to federal agencies for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

76. This paragraph contains Plaintiffs' characterization of a 2018 Archivist Memorandum. NARA respectfully refers the Court to the 2018 Archivist Memorandum for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization and the remaining allegations of this paragraph.

77. This paragraph contains Plaintiffs' characterization of a 2018 Archivist Memorandum. NARA respectfully refers the Court to the 2018 Archivist Memorandum for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization and the remaining allegations of this paragraph.

78. Denied.

79. This paragraph contains Plaintiffs' characterization of the President's April 2018 Memorandum. NARA respectfully refers the Court to the President's April 2018 Memorandum issued under the JFK Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

79a. This paragraph contains Plaintiffs' characterization of statements by the Archivist contained in the President's October 2021 Memorandum issued under the JFK Act. NARA respectfully refers the Court to the President's October 2021 Memorandum issued under the JFK Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

80. Denied.

81. This paragraph contains Plaintiffs' characterization of the President's December 2022 Memorandum. NARA respectfully refers the Court to the President's December 2022 Memorandum issued under the JFK Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

82. This paragraph contains Plaintiffs' characterization of the JFK Act and the President's December 2022 Memorandum. NARA respectfully refers the Court to the JFK Act

and the President's December 2022 Memorandum for a full and accurate statement of their contents, and otherwise denies Plaintiffs' characterization and the remaining allegations of this paragraph.

  82a. This paragraph contains Plaintiffs' characterization of the CIA Transparency Plan. NARA respectfully refers the Court to the CIA Transparency Plan for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

  82b. This paragraph contains Plaintiffs' characterization of the CIA Transparency Plan, the FBI Transparency Plan, and a 2017 NARA letter. NARA respectfully refers the Court to the CIA Transparency Plan, the FBI Transparency Plan, and a 2017 NARA letter for a full and accurate statement of their contents, and otherwise denies Plaintiffs' characterization.

  82c. Denied.

  82d. Denied.

  83. NARA admits James Lesar wrote to NARA's General Counsel in 2012, and that NARA's General Counsel responded to Mr. Lesar in 2012. NARA respectfully refers the Court to the referenced letters for a full and accurate statement of their contents, and otherwise denies Plaintiffs characterization of the letters.

  84. NARA lacks sufficient knowledge or information to form a belief about the truth of the first sentence. The remaining allegations contain Plaintiffs' characterization of correspondence between Dan S. Alcorn and Martha Murphy. NARA respectfully refers the Court to that correspondence for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

  85. NARA lacks sufficient knowledge or information to form a belief about the truth of this allegation.

  86. NARA admits that Dan S. Alcorn contacted Gary Stern on or around November 23, 2022, and respectfully refers the Court to that correspondence for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization. NARA admits that Mr. Stern has not to date responded to Mr. Alcorn's inquiry.

9

Def.'s Answer to Plaintiffs' Third Amended Complaint
Case No. 3:22-cv-06176-RS

87. NARA lacks sufficient knowledge or information to form a belief about the truth of the first sentence. This paragraph contains Plaintiffs' characterization of the CIA Information Act and the D.C. Circuit's decision in *Morley v. CIA*, and NARA respectfully refers the Court to that Act and decision for a full and accurate statement of their contents, and otherwise denies Plaintiffs' characterization. NARA admits that the Kennedy assassination has been investigated by executive agencies and Congressional committees.

88. This paragraph contains Plaintiffs' characterization of the JFK Act. NARA respectfully refers the Court to the JFK Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

89. NARA admits that it maintains https://www.archives.gov/research/jfk/search, which currently hosts six Excel spreadsheets; that the webpage available at that URL in or around October 2020 featured a search interface; that the spreadsheets currently available include 319,106 records; and that a spreadsheet previously available at that URL did not include all such records. The allegations of this paragraph are otherwise denied.

90. NARA lacks sufficient knowledge or information to form a belief about the truth of this allegation. To the extent a response is deemed required, the allegations are denied.

91. NARA lacks sufficient knowledge or information to form a belief about the truth of this allegation. To the extent a response is deemed required, the allegations are denied.

92. NARA lacks sufficient knowledge or information to form a belief about the truth of this allegation. To the extent a response is deemed required, the allegations are denied.

93. NARA denies the allegations of this paragraph, except to admit that the spreadsheets available at https://www.archives.gov/research/jfk/search do not contain Secret Service or National Security Agency records. NARA denies the allegation that no identification aids exist for these agencies.

94. NARA denies the allegations of this paragraph, except to admit that the spreadsheets available at https://www.archives.gov/research/jfk/search are current through June 2017.

Def.'s Answer to Plaintiffs' Third Amended Complaint
Case No. 3:22-cv-06176-RS

95. NARA lacks sufficient knowledge or information to form a belief about the truth of this allegation. To the extent a response is deemed required, the allegations are denied.

96. The first sentence is denied, except to admit that the spreadsheets available at https://www.archives.gov/research/jfk/search include more than 5,000 redacted identification aids. In response to the second sentence of this paragraph, NARA admits that the spreadsheets available at https://www.archives.gov/research/jfk/search include redacted identification aids for certain assassination records that are no longer redacted. NARA lacks sufficient knowledge or information to form a belief about the truth of the final sentence of this paragraph.

97. NARA lacks sufficient knowledge or information to form a belief about the truth of this allegation. To the extent a response is deemed required, the allegations are denied.

98. This paragraph contains Plaintiffs' characterization of NARA's response to a 2016 FOIA request and an email from NARA staffer James Mathis. NARA respectfully refers the Court to the 2016 FOIA request and an email from NARA staffer James Mathis for a full and accurate statement of their contents, and otherwise denies Plaintiffs' characterization. In response to the final two sentences of this paragraph, NARA avers that it maintains a list of documents withheld in full at https://www.archives.gov/research/jfk/withheld-in-full-list. Nine of the documents on the 2016 list referenced by Plaintiff are on NARA's withheld-in-full list; the remainder of the documents on the 2016 list are open and available to the public at the National Archives in College Park, Maryland. The remaining allegations of these sentences are denied.

99. The first two sentences of this paragraph are denied. The remainder of this paragraph contains Plaintiffs' characterization of correspondence between Rex Bradford and Martha Murphy. NARA respectfully refers the Court to the correspondence between Rex Bradford and Martha Murphy for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization. The final sentence of this paragraph contains Plaintiffs' characterization of this lawsuit, to which no response is required. To the extent a response is deemed required, the allegations are denied.

100. Admitted that NARA received a letter addressed to the Archivist of the United States dated on or about February 25, 2022, and that Gary Stern was copied on this letter. NARA

11
Def.'s Answer to Plaintiffs' Third Amended Complaint
Case No. 3:22-cv-06176-RS

respectfully refers the Court to the letter for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

101.  This paragraph contains Plaintiffs' characterization of a letter addressed to the Archivist of the United States dated on or about February 25, 202.  NARA respectfully refers the Court to the letter for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

102.  This paragraph contains Plaintiffs' characterization of a letter addressed to the Archivist of the United States dated on or about February 25, 202.  NARA respectfully refers the Court to the letter for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

103.  This paragraph contains Plaintiffs' characterization of a letter addressed to the Archivist of the United States dated on or about February 25, 202.  NARA respectfully refers the Court to the letter for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

104.  This paragraph contains Plaintiffs' characterization of a letter addressed to the Archivist of the United States dated on or about February 25, 202.  NARA respectfully refers the Court to the letter for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.  NARA lacks sufficient knowledge or information to form a belief about the truth of the final two sentences of this paragraph.

105.  Admitted.

106.  NARA lacks sufficient knowledge or information to form a belief about the truth of the allegations of this paragraph.

107.  This paragraph contains Plaintiffs' characterization of a written response from Gene Morris to Roger Odisio dated on or about November 17, 2022.  NARA respectfully refers the Court to the response for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

108.  This paragraph contains Plaintiffs' characterization of an email from Roger Odisio to Gary Stern dated on or about November 18, 2022.  NARA respectfully refers the Court to the

email for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization. NARA lacks sufficient knowledge or information to form a belief about the truth of the allegations of the final sentence of this paragraph.

109. NARA denies any custom and practice of urging researchers to file FOIA cases to seek assassination records. NARA lacks sufficient knowledge or information to form a belief about the truth of the allegations of the final sentence of this paragraph.

110. This paragraph contains Plaintiffs' characterization of RIF #104-10423-10190. NARA respectfully refers the Court to this document for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization. The final sentence of this paragraph is denied.

111. NARA denies the allegation that it failed to conduct periodic reviews. The second sentence is denied, except to admit that NARA released approximately 6,000 records between 2000 and 2016, and that of those approximately 4,000 were released during 2004. The third sentence is denied. The fourth sentence contains Plaintiffs' characterization of unspecified documents. NARA respectfully refers the Court to these unspecified documents, if they exist, for a full and accurate statement of their contents, and otherwise denies Plaintiffs' characterization. NARA lacks sufficient knowledge or information to form a belief about the truth of the allegations that Plaintiffs have been unable to find certain documents. The final sentence of this paragraph is denied.

112. Denied.

113. NARA lacks sufficient knowledge or information to form a belief about the truth of the allegations in the first sentences. The second sentence is Plaintiffs' characterization of Exhibit C to the Simpich Declaration. NARA respectfully refers the Court to Exhibit C to the Simpich Declaration for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization. The remaining allegations are denied.

114. This paragraph contains Plaintiffs' characterization of RIF #104-10331-10062. NARA respectfully refers the Court to this document for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

115. Defendant Biden has been dismissed from this action, and no response is therefore required. To the extent a response is deemed required, the allegation is denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied, except to admit that NARA promulgated a rulemaking in June 2000 to recodify certain regulations of the Assassination Records Review Board.

120. This paragraph contains Plaintiffs' characterization of a memorandum of understanding. NARA respectfully refers the Court to this memorandum of understanding for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization. The final sentence is denied.

121. Denied.

122. Defendant Biden has been dismissed from this action, and no response is therefore required. To the extent a response is deemed required, the allegation is denied.

123. Defendant Biden has been dismissed from this action, and no response is therefore required. To the extent a response is deemed required, the allegation is denied.

124. Defendant Biden has been dismissed from this action, and no response is therefore required. To the extent a response is deemed required, the allegation is denied.

125. Denied.

126. Defendant Biden has been dismissed from this action, and no response is therefore required. To the extent a response is deemed required, the allegation is denied.

127. Defendant Biden has been dismissed from this action, and no response is therefore required. To the extent a response is deemed required, the allegation is denied.

128. Defendant Biden has been dismissed from this action, and no response is therefore required. To the extent a response is deemed required, the allegation is denied.

129. Denied.

130. NARA lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph. To the extent a response is deemed required, the allegations are denied.

131. NARA lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph. To the extent a response is deemed required, the allegation is denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. NARA lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

148. NARA denies the incomplete sentence constituting this paragraph.

149. Denied.

150. This paragraph contains Plaintiffs' repetition and incorporation of preceding paragraphs, to which no response is required. To the extent that a response is deemed required, the responses to those previous paragraphs are incorporated herein by reference.

151. Admitted.

152. Denied.

153. This paragraph contains Plaintiffs' characterization of the Administrative Procedure Act. NARA respectfully refers the Court to the Administrative Procedure Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. This paragraph contains Plaintiffs' repetition and incorporation of preceding paragraphs, to which no response is required. To the extent that a response is deemed required, the responses to those previous paragraphs are incorporated herein by reference.

162. Denied.

163. Denied.

164. All but subparagraphs (a) and (b) of this allegation have been dismissed from this action, and no response is therefore required. To the extent a response is deemed required, the allegation. are denied. The allegations of subparagraphs (a) and (b) are denied.

165. Denied.

166. Admitted that Plaintiffs requested that NARA take certain action not required under the JFK Act. The allegations of this paragraph are otherwise denied.

167. This paragraph contains Plaintiffs' repetition and incorporation of preceding paragraphs, to which no response is required. To the extent that a response is deemed required, the responses to those previous paragraphs are incorporated herein by reference.

168. This paragraph contains Plaintiffs' characterization of the ARRB Final Report. NARA respectfully refers the Court to the ARRB Final Report for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

169. This paragraph contains Plaintiffs' characterization of the Federal Records Act. NARA respectfully refers the Court to the Federal Records Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

170. This paragraph contains Plaintiffs' characterization of the Federal Records Act. NARA respectfully refers the Court to the Federal Records Act for a full and accurate statement of its contents, and otherwise denies Plaintiffs' characterization.

171. Admitted that NARA has not made any request for assistance to the Attorney General to complete any assassination records searches. NARA denies that any such request is required by the FRA. The allegations of this paragraph are otherwise denied.

172. Admitted that NARA has not made any referral to the Attorney General for assassination records. NARA denies that any such referral is required by the FRA. The allegations of this paragraph are otherwise denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

The remaining allegations following the unnumbered paragraph beginning with "WHEREFORE" constitute Plaintiffs' requests for relief, to which no response is required. To the extent a response is deemed required, NARA denies that Plaintiffs are entitled to the requested relief or any other relief.

The section headings used in Plaintiffs' Third Amended Complaint are Plaintiffs' characterizations of their allegations and claims to which no response is required, but to the extent a response is deemed required, those headings are denied.

## DEFENSES

1. The Court lacks subject matter jurisdiction to hear the claims in this case.

2. The Complaint fails to state a claim upon which relief can be granted.

3. Plaintiffs' claims are barred by the applicable statute of limitations.

WHEREFORE, NARA hereby denies all allegations in Plaintiffs' Third Amended Complaint not expressly answered or qualified herein, and respectfully requests that Plaintiffs' Third Amended Complaint be dismissed and that judgment be entered in NARA's favor.

Dated: February 1, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ M. Andrew Zee*
M. ANDREW ZEE (CA Bar No. 272510)
JOHN ROBINSON (DC Bar No. 1044072)
Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
450 Golden Gate Avenue, Room 7-5395
San Francisco, CA 94102
Telephone: (415) 436-6646
E-mail: m.andrew.zee@usdoj.gov

*Attorneys for Defendant*